**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLETON AND KIMBERLY WHITSETT

    Plaintiffs,

vs.

AMERIQUEST MORTGAGE CO. AND
AMERIQUEST MORTGAGE SECURITIES,
INC.

    Defendants.

Case No. 2:08-cv-10478

Honorable Denise Page Hood

Magistrate Judge Paul J. Komives

---

| | |
|---|---|
| Marshall A. Yee (P35859) <br> KEMPF & YEE <br> Attorney for Plaintiffs <br> 913 W. Holmes Rd., Ste. 130 <br> Lansing, MI 48910 <br> (517) 394-4430 | Thomas M. Schehr (P54391) <br> Brandon M. Blazo (P71172) <br> Attorneys for Ameriquest Mortgage, Inc. and <br>    Ameriquest Mortgage Securities, Inc. <br> Dykema Gossett PLLC <br> 400 Renaissance Center <br> Detroit, MI 48243 <br> (313) 568-6659 |

## MOTION FOR STAY OF ALL PROCEEDINGS

Defendants, Ameriquest Mortgage Company and Ameriquest Mortgage Securities, Inc. ("Defendants") hereby move to stay the lawsuit initiated by Plaintiffs Carleton and Kimberly Whitsett ("Plaintiffs") on January 11, 2008, pending resolution of the transfer of this matter to Multidistrict Litigation No. 1715.

Defendants will be identifying this lawsuit to the Judicial Panel on Multidistrict Litigation as a "tag along" or related matter to MDL 1715. A stay, therefore, is warranted to preserve judicial resources and to avoid any prejudice to Defendants.

As support for this motion, Defendants rely on their Brief in Support of Motion for Stay All Proceedings filed contemporaneously herewith.

Pursuant to E.D. Mich. L.R. 7.1, counsel for Defendants contacted counsel for Plaintiffs on Friday, February 1, 2008, to seek concurrence in this Motion. Counsel for Plaintiffs denied concurrence.

          Respectfully submitted,

          DYKEMA GOSSETT PLLC

          By: s/Brandon M. Blazo
              Thomas M. Schehr (P54391)
              Brandon M. Blazo (P71172)
              Attorneys for Ameriquest Mortgage, Inc. and
                  Ameriquest Mortgage Securities, Inc.
              400 Renaissance Center
              Detroit, MI 48243
              (313) 568-6659

Date: February 4, 2008

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLETON AND KIMBERLY WHITSETT

      Plaintiffs,

vs.

AMERIQUEST MORTGAGE CO. AND
AMERIQUEST MORTGAGE SECURITIES,
INC.

      Defendants.

Case No. 2:08-cv-10478

Honorable Denise Page Hood

Magistrate Judge Paul J. Komives

---

| | |
|---|---|
| Marshall A. Yee (P35859)<br>KEMPF & YEE<br>Attorney for Plaintiffs<br>913 W. Holmes Rd., Ste. 130<br>Lansing, MI 48910<br>(517) 394-4430 | Thomas M. Schehr (P54391)<br>Brandon M. Blazo (P71172)<br>Attorneys for Ameriquest Mortgage, Inc. and<br>   Ameriquest Mortgage Securities, Inc.<br>Dykema Gossett PLLC<br>400 Renaissance Center<br>Detroit, MI 48243<br>(313) 568-6659 |

**BRIEF IN SUPPORT OF MOTION FOR STAY OF ALL PROCEEDINGS**

## **STATEMENT OF ISSUE PRESENTED**

Should the Court stay all proceedings pending resolution of the transfer of this matter to Multidistrict Litigation No. 1715?

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

i

## **STATEMENT OF CONTROLLING AUTHORITIES**

1. Judicial Panel on Multidistrict Litigation Transfer Order [Exhibit 1]

2. 28 U.S.C. § 1407

**I.      INTRODUCTION**

Defendants Ameriquest Mortgage Company and Ameriquest Mortgage Securities, Inc. ("Defendants") submit their Brief in Support of their Motion to Stay All Proceedings in this matter, and all related deadlines in anticipation of an order from the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), designating this case as a "tag along" to the Multidistrict Litigation Proceeding entitled *In re Ameriquest Mortgage Company Lending Practices Litigation*, Case No. 1:05-CV-07097 ("MDL 1715"), pending in the United States District Court for the Northern District of Illinois. In accordance with its obligations under Rules 1.1, 7.4, and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("MDL Rules"), Defendants will be identifying this case to the Panel as a potential tag along action. Defendants have already designated in excess of 400 other cases as related matters. The vast majority of these cases have already been transferred to the Panel.

Good cause exists to grant this Motion to Stay Proceedings because the central issues in this case are identical to the central issues in many of the cases already transferred to MDL 1715. As the Panel noted in its original Transfer Order creating the centralized MDL litigation, "[c]entralization … is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, including those with respect to class certification, and conserve the resources of the parties, their counsel and the judiciary." [*See,* Exhibit 1, pp. 1-2.]

Good cause further exists because staying this action pending the MDL Panel's decision will preserve judicial resources and avoid any prejudice to Defendants. Since Plaintiffs only recently filed this lawsuit on January 11, 2008, there is no prejudice to Plaintiffs if the Court enters a temporary stay. Accordingly, the proceedings in this case should be stayed pending the transfer of this action to MDL 1715.

1

## II. STATEMENT OF FACTS

### A. The Instant Action and Factual Grounds for a Stay

Plaintiffs Carleton and Kimberly Whitsett ("Plaintiffs") filed the instant lawsuit on or about January 11, 2008. Plaintiffs allege claims for violation of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") by failing to provide the required disclosures and engaging in predatory lending practices.

Thus, this lawsuit is in its infancy and a temporary stay order will not prejudice Plaintiffs. To the contrary, Defendants will be prejudiced if forced to spend resources in the instant action and the MDL Panel later transfers the matter to MDL 1715. Proceeding in this lawsuit will also waste judicial resources if the MDL Panel later transfers the lawsuit.

### B. The MDL Proceeding

On or about July 1, 2005, plaintiffs in *Cheryl Williams and Duvall Naughton, et al. v. Ameriquest Mortgage Company*, Civil Action No. 1-05-6189 (S.D.N.Y.), filed a Motion to Transfer for Coordination and/or Consolidation Pursuant to 28 U.S.C. § 1407 ("Transfer Motion"), seeking transfer of their action and the following four other actions to the Central District of California for coordinated or consolidated pretrial proceedings: *Burggraff, et al. v. Ameriquest Capital Corporation, et al.*, Civil Action No. 2-04-9715 (C.D. Cal.); *Knox, et al. v. Ameriquest Mortgage Company, et al.,* Civil Action No. 3-05-240 (N.D. Cal.); *Murphy, et al. v. Ameriquest Mortgage Company,* Civil Action No. 1-04-12651 (D. Mass.); and *Latonya Williams, et al. v. Ameriquest Mortgage Company*, Civil Action No. 8-05-1036 (M.D. Fla.).

On December 13, 2005, the Panel issued the Transfer Order transferring all five actions identified in the Transfer Motion to the Transferee Court pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.

In the Transfer Order, the Panel held as follows:

2

> On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties. [*See,* Exhibit 1, pp. 1-2.]

The Panel has issued over 30 Conditional Transfer Orders, conditionally transferring approximately 283 actions against Defendants and other defendants to the Transferee Court for coordinated or consolidated pretrial proceedings with those actions previously transferred pursuant to the Transfer Order.

### III.   THE MDL RULES

Defendants are required to seek removal of this lawsuit to MDL 1715 under the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Specifically, Rule 1.1 states that "[a] 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under" 28 U.S.C. § 1407. Under Rule 7.4, the Clerk of the Panel may issue an order transferring tag-along actions to the previously designated transferee court, *i.e.* MDL 1715.

Rule 7.5(e) states that "[a]ny party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 ***shall promptly*** notify the Clerk of the Panel of any potential 'tag-along actions' in which that party is also named or in which that counsel appears." (emphasis added). Thus, under the Rules, Defendants must identify this lawsuit as a potential tag-along action by seeking its removal to MDL 1715.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

3

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion and issue a temporary stay pending the MDL Panel's decision to transfer this lawsuit to MDL 1715.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: s/Brandon M. Blazo
Thomas M. Schehr (P54391)
Brandon M. Blazo (P71172)
Attorneys for Ameriquest Mortgage, Inc. and
Ameriquest Mortgage Securities, Inc.
400 Renaissance Center
Detroit, MI 48243
(313) 568-6659

Date: February 4, 2008

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 4, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

- Marshall A. Yee, Esq.
  Kempf & Yee
  913 W. Holmes Road, Ste. 130
  Lansing, MI 48910

              DYKEMA GOSSETT PLLC

            By: s/Brandon M. Blazo
              Thomas M. Schehr (P54391)
              Brandon M. Blazo (P71172)
              Attorneys for Ameriquest Mortgage, Inc. and
                Ameriquest Mortgage Securities, Inc.
              400 Renaissance Center
              Detroit, MI 48243
              (313) 568-6659

Date: February 4, 2008

DET01\593722.1
ID\BB